IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW RAKOWSKY,<br>4 Cheltenham Place<br>Clifton Park, New York 12065<br><br>      Plaintiff,<br><br>v.<br><br>JEH CHARLES JOHNSON,<br>Secretary, United States Department<br>of Homeland Security,<br>Washington, DC 20528<br><br>      Defendant. | No. |

## COMPLAINT

Now comes the Plaintiff, Andrew Rakowsky, by his attorneys, Mahon & Berger, Esqs., and complaining of the Defendant, he states:

### *Nature of Action*

1. This is a complaint for violation of the Age Discrimination in Employment Act as it relates to Federal Government employment, as well as reprisal for participation in the Title VII Equal Employment Opportunity process. Plaintiff alleges that he was discriminated against on account of his age and suffered reprisal for prior protected activity and seeks compensatory and punitive damages, and attorneys' fees.

### *Jurisdiction and Venue*

2. The jurisdiction of the district court is based upon 29 U.S.C. Section 633a(c) and 626(d). In addition thereto, jurisdiction is claimed pursuant to 28 U.S.C. Sections 1331 and 1343(a)(4).

3. This judicial district is the proper venue for this action in accordance with 28 U.S.C. Section 1391(e)(2).

### *The Parties*

4. Andrew Rakowsky ("Rakowsky") is a resident of Clifton Park, New York. Rakowsky is 54 years old. Rakowsky, at all times relevant to this complaint, was employed as a Special Agent for the Department of Homeland Security, Immigration Customs and Enforcement ("ICE").

5. Jeh Charles Johnson ("Secretary") is presently the Secretary of the United States Department of Homeland Security.

## *Facts*

6. Rakowsky is an individual at least 40 years of age.

7. Rakowsky worked as Special Agent ("SA"), GS-1811-13 for the Department of Homeland Security, Immigration and Customs Enforcement ("ICE").

8. Rakowsky's year of birth is 1960.

9. Rakowsky filed a previous EEOC complaint on May 17, 2010. The case closed in May 2012.

10. Rakowsky reported to Resident Agent in Charge ("RAC") Coultry until May 2011. Coultry was located in the Albany, New York RAC office.

11. In May 2011, as a result of a restructuring, Rakowsky began reporting to Assistant Special Agent in Charge ("ASAC") Mark LaMonte. ASAC LaMonte was located in Buffalo, New York.

12. Rakowsky worked out of the Latham, New York office, which is physically located 15 minutes away from the main Albany RAC office.

## CLAIM 1

13. Between June 2011 to December 16, 2011, Rakowsky did not receive external emails that were distributed to all the personnel in the RAC Albany, NY location.

14. During the EEOC investigative process, Rakowsky was left off of emails dated September 12, 19, 22; October 3; December 20, 2011; January 27; February 2, 8; April 6, 2012, issued by his management.

15. Rakowsky was part of the main Albany, New York office, and therefore, he should have received emails that went out to personnel working out of the Albany office.

16. Rakowsky asserts that he was part of the main Albany, New York office because:

   1. He responded as a duty agent for RAC Albany.

   2. He helped out other agents in the RAC Albany office.

   3. He was listed on the Agency table of organization for the RAC Albany office.

   4. His official government vehicle was assigned out of the RAC Albany office.

   5. His time and attendance records were maintained by RAC Albany.

   6. He was offered an acting RAC position in the fall of 2012.

17. Rakowsky asserts that the refusal of management to include him in the aforementioned email communications is discrimination under 29 U.S.C. Section 633(a) and 626(d).

### CLAIM 2

18. On September 22, 2011, Rakowsky was informed that he was not selected for a US Secret Service the secret service assignment and instead two younger agents were selected.

19. Group Supervisor DelNegro sent an email dated September 22, 2011, to "the operational agents in the RAC Albany Office (those reporting to RAC Coultry or himself), soliciting volunteers" for an upcoming dignitary protection detail.

20. In an email to local management dated September 28. 2011, Rakowsky stated:

> This email was sent to me today [referring to the September 22, 2011 email]. I would like to take this opportunity to remind you that I am still a member of this office and would appreciate it if you would include me in any correspondence that affects this office. Had I known about this detail I would have volunteered based on my numerous assignments throughout my years working with the Secret Service.

21. Rakowsky asserts that although RAC Legee was the selecting official, it was the failure by GS DelNegro to forward Complainant's name to RAC Legree for consideration that forms the basis of the

3

claim, as RAC Legee consequently never had the opportunity to consider Complainant's candidacy, which constitutes discrimination and reprisal under 29 U.S.C. Section 633(a) and 626(d).

### CLAIM 3

22. Despite requesting several times to act in a supervisory capacity, Rakowsky learned on September 12, 2011, that a younger agent was selected to be the Acting RAC of the Albany, New York RAC office.

23. The selectee was approximately 37 years old and had approximately 13 years of experience.

24. The non-selection of Rakowsky for the Acting RAC position constitutes discrimination under 29 U.S.C. Section 633(a) and 626(d).

### CLAIM 4

25. The Defendant discriminated against Rakowsky based on reprisal (prior EEO activity) when on approximately June 7, 2013, an Office of Principal Legal Advisor attorney intentionally impeded his ability to reach a resolution to his prior EEO complaint (HS-ICE-01961-2011) by "reneging" on a proposed settlement agreement.

26. A final agency decision has been issued.

27. Despite efforts to mitigate his damages, as a direct and proximate result of the Defendant's discrimination, he has suffered compensatory, and seeks punitive damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Secretary and he also prays for the following relief:

    A. That the Plaintiff be awarded compensatory damages for pain and suffering as a result of the discrimination directed against the Plaintiff;

    B. That the Secretary be ordered to pay to the Plaintiff punitive damages on account of the discrimination committed against him;

    C. Plaintiff demands a jury trial;

D. That the Plaintiff receive such further relief as may be necessary to make him whole, in addition thereto that the Plaintiff be awarded his costs and reasonable attorneys' fees.

Dated: September 1, 2014

                                             Respectfully submitted,

                                             Lawrence Berger, Esq.
                                             Mahon & Berger, Esqs.

                                             DC Bar #: NY0059
                                             70 Glen Street, Suite 280
                                             Glen Cove, New York 11542
                                             516 671 2688
                                             Fax 516 671 1148